

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AH/MG
F.#2013R00312

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 9, 2013

By Hand and ECF

Joshua Dratel, Esq.
Dratel & Mysliwiec, P.C.
2 Wall Street, 3rd Floor
New York, N.Y. 10005
jdratel@dratelmys.com

Re:  United States v. Mohammad Ajmal Choudhry
     Criminal Docket No. 13-0150 (WFK)

Dear Mr. Dratel:

Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure.  The government also requests reciprocal discovery from the defendant.

The Government's Discovery

1.   Statements of the Defendant

Enclosed with this letter is a Report of Investigation memorializing the defendant's post-arrest statements, Bates numbered CHOUDHRY00001-CHOUDHRY00003.  In addition, enclosed with this letter are six audio files containing statements made by the defendant in telephone conversations that were recorded by law enforcement, Bates numbered CHOUDHRY00022-CHOUDHRY00027.

2.   The Defendant's Criminal History

At present, the government does not have any information indicating that the defendant has a criminal history.

3.   Documents and Tangible Objects

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.  Enclosed with this letter are copies of such documents, namely a Petition for Alien

Relative and the documents that were submitted in support of the Petition, Bates numbered CHOUDHRY00004-CHOUDHRY00021.

    4.    <u>Reports of Examinations and Tests</u>

At present, the government does not have any reports of examinations or tests. The government will provide you with copies of any reports of examinations or tests in this case, as they become available.

    5.    <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

    6.    <u>*Brady* Material</u>

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

    7.    <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

### The Defendant's Required Disclosure

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  <u>See</u> Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

### Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by

authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

          Very truly yours,

          LORETTA E. LYNCH
          United States Attorney

By:        /s/
          Margaret E. Gandy
          Amanda Hector
          Assistant U.S. Attorneys
          (718) 254-6213
          (718) 254-6212

Enclosures

cc: Clerk of the Court (WFK) (by ECF) (without enclosures)