UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA,                    ☑ WAIVER OF SPEEDY TRIAL

                                             ☑ ORDER OF EXCLUDABLE DELAY

      -VS-                                   CASE NUMBER 1:13-cr-00150-WFK-1

Mohammad Ajmal Choudhry
                Defendant.
----------------------------------------------------------------X

It is hereby stipulated that the time periods from  09/26/2013  until (XXX) revocation of this stipulation ( )  11/22/13  are excluded periods of delay under the following code(s):

| SECTION 3161 | DELAY CODE | DELAY CATEGORY |
|---|---|---|
| (h)(1) | | Any period of delay resulting from other proceedings concerning the defendant, including but not limited to— |
| | (A) | delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant; |
| | (B) | delay resulting from any proceeding, including any examination of the defendant, pursuant to section 2902 [1] of title 28, United States Code; |
| | (C) | delay resulting from deferral of prosecution pursuant to section 2902 [1] of title 28, United States Code; |
| | (D) | delay resulting from trial with respect to other charges against the defendant; |
| | (E) | delay resulting from any interlocutory appeal; |
| | (F) | delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; |
| | (G) | delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure; |
| | (H) | delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable; |
| | (I) | delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and |
| | (J) | delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court. |
| (h)(2) | ( ) | Any period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct. |
| (h)(3) | ( ) | Any period of delay resulting from the absence or unavailability of the defendant or an essential witness. |
| (h)(4) | ( ) | Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial. |
| (h)(5) | ( ) | Any period of delay resulting from the treatment of the defendant pursuant to section 2902 [1] of title 28, United States Code. |
| (h)(6) | ( ) | If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge. |
| (h)(7) | ( ) | If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge. |
| (h)(8)(A) | ( ) | Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of |

1



COURT'S EXHIBIT NO. 1
IDENTIFICATION/EVIDENCE
DKT.# 13cr150-1
DATE: 9-26-13

| | | |
|---|---|---|
| | | the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. |
| (h)(8)(B) | ( ) | The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows: |
| | (i) | Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. |
| | (ii) | Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. |
| | (iii) | Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161 (b), or because the facts upon which the grand jury must base its determination are unusual or complex. |
| | (iv) | Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. |
| (h)(8)(C) | ( ) | No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government. |
| (h)(9) | ( ) | Any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country. |
| (i) | ( ) | If trial did not commence within the time limitation specified in section 3161 because the defendant had entered a plea of guilty or nolo contendere subsequently withdrawn to any or all charges in an indictment or information, the defendant shall be deemed indicted with respect to all charges therein contained within the meaning of section 3161, on the day the order permitting withdrawal of the plea becomes final. |
| (j)(1) | ( ) | If trial did not commence within the time limitation specified in section 3161 because the defendant had entered a plea of guilty or nolo contendere subsequently withdrawn to any or all charges in an indictment or information, the defendant shall be deemed indicted with respect to all charges therein contained within the meaning of section 3161, on the day the order permitting withdrawal of the plea becomes final. |
| | (A) | undertake to obtain the presence of the prisoner for trial; or |
| | (B) | cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial. |
| (j)(2) | ( ) | If the person having custody of such prisoner receives a detainer, he shall promptly advise the prisoner of the charge and of the prisoner's right to demand trial. If at any time thereafter the prisoner informs the person having custody that he does demand trial, such person shall cause notice to that effect to be sent promptly to the attorney for the Government who caused the detainer to be filed. |
| (j)(3) | ( ) | Upon receipt of such notice, the attorney for the Government shall promptly seek to obtain the presence of the prisoner for trial. |
| (j)(4) | ( ) | When the person having custody of the prisoner receives from the attorney for the Government a properly supported request for temporary custody of such prisoner for trial, the prisoner shall be made available to that attorney for the Government (subject, in cases of interjurisdictional transfer, to any right of the prisoner to contest the legality of his delivery). |
| (k)(1) | ( ) | If the defendant is absent (as defined by subsection (h)(3)) on the day set for trial, and the defendant's subsequent appearance before the court on a bench warrant or other process or surrender to the court occurs more than 21 days after the day set for trial, the defendant shall be deemed to have first appeared before a judicial officer of the court in which the information or indictment is pending within the meaning of subsection (c) on the date of the defendant's subsequent appearance before the court. |
| (k)(2) | ( ) | If the defendant is absent (as defined by subsection (h)(3)) on the day set for trial, and the defendant's subsequent appearance before the court on a bench warrant or other process or surrender to the court occurs not more than 21 days after the day set for trial, the time limit required by subsection (c), as extended by subsection (h), shall be further extended by 21 days. |

The defendant(s) has/have been fully aware by counsel that pursuant to rights guaranteed under the Sixth Amendment to the Constitution, the

Speedy Trial Act of 1974, 18 USC 3161-3174, the Plan and Rules of this Court adopted pursuant to that act, and Federal Rule of Criminal Procedure 50(b), the defendant is entitled to be tried before a jury within a specified time period, not counting excludable periods.**

The Court approves this Speedy Trial [✓] Waiver [✓] Excludable Delay for the reasons stated orally on the record and based upon its findings that this action serves the ends of justice and outweighs the best interest of the public and this defendant in a speedier trial. For those reasons a continuance must be granted.

s/WFK

Dated: Brooklyn, New York
       09/26/2013

_____
United States District Judge

Consented to:

_____
Defendant

_____
Defendant

_____
Counsel for defendant

_____
Counsel for defendant

_____
for U.S. Attorney, E.D.N.Y.

** Court signature required for Excludable Delay and Waiver of Speedy Trial; Defendant, defense counsel, and prosecutor to sign consent only if defendant is waiving Speedy Trial.

3