UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NOTICE OF PRE-TRIAL MOTION |
| -v.- | : | 13 Cr. 150 (WFK) |
| MOHAMMAD AJMAL CHOUDHRY, | : | |
| Defendant. | : | |

-------------------------------------------------------X

PLEASE TAKE NOTICE, that upon the annexed declaration of Frederick L. Sosinsky, Esq., dated the 5th day of May, 2014, the affidavit of Mohammad Ajmal Choudhry dated the 5th day of May, 2014, the accompanying memorandum of law, the indictment, annexed exhibits, and all prior proceedings heretofore had herein, the undersigned will move this Court on a date to be set by the Court, or as soon thereafter as counsel can be heard, at the Courthouse located at 225 Cadman Plaza East, Brooklyn, New York 11201 for the following relief:

    1.    Suppressing statements allegedly made by the defendant to law enforcement authorities on February 25, 2013 on the ground that any such statements were obtained in violation of the Fifth Amendment to the United States Constitution, or, in the alternative, granting an evidentiary hearing in connection with this motion;

    2.    Ordering such other and further relief as the Court deems just and proper.

Dated:     New York, New York
               May 5, 2014

                                          Yours, etc.

                                          Frederick L. Sosinsky (FS8717)
                                          Attorney for Defendant
                                          Mohammad Ajmal Choudhry
                                          45 Broadway, Suite 3010
                                          New York, New York  10006
                                          (212) 285-2270

To:     Hon. William F. Kuntz II
           United States District Court Judge
           Eastern District of New York
           225 Cadman Plaza East
           Brooklyn, New York 11201

           Amanda Hector, Esq.
           Assistant United States Attorney
           United States Attorney's Office
           271 Cadman Plaza East
           Brooklyn, New York 11201

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,                  :

                -v.-                              DECLARATION OF
                                                  FREDERICK L. SOSINSKY

MOHAMMAD AJMAL CHOUDHRY,    :    13 Cr. 150 (WFK)

          Defendant.                    :
---------------------------------------------------------X

      FREDERICK L. SOSINSKY declares, pursuant to 28 U.S.C. 1746, as follows:

      1.    I am the attorney for defendant in the above captioned criminal action. I submit this declaration in support of defendant's pretrial motion to suppress statements. The primary purpose of this declaration is to place certain facts and exhibits before the Court.

      2.    Attached as Exhibit A is a copy of the complaint of Special Agent Christopher Heck dated February 26, 2013.

      3.    Attached as Exhibit B is a copy of a Report of Investigation from agents with the Department of Homeland Security concerning certain post-arrest statements allegedly made by Mohammad Ajmal Choudhry on February 25, 2013.

      4.    Attached as well is the signed but currently un-notarized affidavit of Mohammad Ajmal Choudhry dated May 5, 2014. We will submit a notarized affidavit of Mr. Choudhry shortly.

      5.    For all of the reasons set forth in the accompanying Memorandum of Law, the relief sought should be granted.

Dated: New York, New York
       May 5, 2014

                                                  _____
                                                  FREDERICK L. SOSINSKY (FS8717)

**EXHIBIT A**

JAP:SPN
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

MOHAMMAD AJMAL CHOUDHRY,

Defendant.

- - - - - - - - - - - - - - - - X

**13 M 171**

C O M P L A I N T

(T. 18 U.S.C. §§ 875(c), 1546 and 2)

EASTERN DISTRICT OF NEW YORK, SS:

CHRISTOPHER HECK, being duly sworn, deposes and states that he is a Special Agent with Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

On or about December 1, 2012, within the Eastern District of New York, the defendant MOHAMMAD AJMAL CHOUDHRY did willfully and knowingly make under oath and under penalty of perjury, knowingly subscribe as true, any false statement with respect to a material fact in an application, affidavit or other document required by the immigration laws or regulations prescribed thereunder, to wit: a form I-130, Petition for Alien Relative, bearing the name Amina Ajmal.

(Title 18, United States Code, Sections 1546(a) and 2)

On or about February 20 and 21, 2013, the defendant MOHAMMAD AJMAL CHOUDHRY did transmit in interstate commerce

2

communications containing a threat to injure the person of another.

(Title 18, United States Code, Section 875(c))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with Homeland Security Investigations, Department of Homeland Security. I am familiar with the facts and circumstances set forth below from my participation in the investigation and from reports of other law enforcement officers involved in the investigation.

2. In or about February 2013, Amina Ajmal ("Ajmal"), a United States citizen, contacted the New York Document and Benefit Fraud Task Force (DBFTF) through counsel and reported that she had been held against her will by relatives in Gujrat, Pakistan, at the direction of her father, defendant MOHAMMAD AJMAL CHOUDHRY, for more than three years and forced, by threat of death, into an arranged marriage with Pakistani national Abrar Ahmed Babar ("Babar"). Ajmal reported that the marriage was arranged and coerced for the purpose of obtaining U.S. legal permanent residency ("LPR") status for Babar. The marriage between Ajmal and Babar was finalized sometime in November 2012.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

Case 1:13-cr-00150-WFK Document 57 Filed 05/05/14 Page 7 of 19 PageID #: 366
Case 1:13-cr-00150-WFK Document 1 Filed 02/26/13 Page 3 of 5 PageID #: 3

3

Ajmal stated that an immigrant visa petition might have been filed for Babar without her consent.

3. Based on the information provided by Ajmal, I and other agents queried law enforcement and other databases and located an I-130 petition, receipt number MSC1390305256, listing Ajmal as petitioner and Babar as the relative beneficiary. The petition was mailed from Brooklyn, New York, zip code 11230, and was received by U.S. Citizenship and Immigration Services on December 6, 2012. The petition listed a Brooklyn, New York address, zip code 11230, for Ajmal. Defendant CHOUDHRY lives at the listed address. Ajmal did not return to the United States (after escaping confinement) until early January 2013, as confirmed by a review of Ajmal's travel records, after the I-130 petition was mailed. Ajmal stated that she did not sign an I-130 petition or any other immigration or visa documents for Babar.

4. Ajmal escaped from confinement in Pakistan with the assistance of a cousin and the U.S. Embassy. Since her return to the United States, Ajmal has not revealed her whereabouts to her father but has been in touch with him by telephone. On or about February 20 and 21, 2013, Ajmal consensually recorded conversations with defendant CHOUDHRY during which he threatened to arrange for the murder of Ajmal's cousin and her cousin's family in Pakistan if Ajmal did not return home to Brooklyn. During the call on February 21, 2013,

4

defendant CHOUDHRY further stated that he filed the I-130 petition for Babar. The conversations were conducted in Punjabi. An agent who is fluent in Punjabi listened to the recordings and confirmed to me that the conversations included the statements described above.[2/]

5. According to police and media reports, on February 25, 2013, Ajmal's cousin's father and sister were shot and killed in Pakistan, and another relative was severely injured.

6. Agents arrested MOHAMMAD AJMAL CHOUDHRY outside his home in Brooklyn, New York, on February 25, 2013. Following his arrest, CHOUDHRY was read and waived his Miranda rights and stated, in sum and substance, that he filed the subject I-130 petition for Babar.[3/]

---

[2] We are in the process of arranging for English transcripts of the conversations.

[3] The defendant stated that he was only willing to discuss the visa application without representation.

5

WHEREFORE, your deponent respectfully requests that the defendant MOHAMMAD AJMAL CHOUDHRY be dealt with according to law.

*CPR. Heck*
CHRISTOPHER HECK
Special Agent
Homeland Security Investigations

Sworn to before me this
26th day of February, 2012

HON. JOAN S/ Azrack
UNITED ST.
EASTERN D_____ OF NEW YORK

**EXHIBIT B**



This Report of Investigation documents the post arrest statements of Mohammad Ajmal CHOUDHRY on February 25, 2013.

DETAILS OF INVESTIGATION:
On February 25, 2013, Mohammad Ajmal CHOUDHRY (DPOB: 01/12/1953, Pakistan), was arrested on probable cause for allegedly violating Title 18, U.S. Code, Section 1546 (Visa Fraud) and Title 18 U.S. Code, Section 875 (Threats in Interstate Communications). After being arrested, CHOUDHRY was transported to the Department of Homeland Security, Homeland Security Investigations (HSI) New York office, 601 W. 26th Street, New York, NY 10001.

After being given the opportunity to use the restroom and drink water, Diplomatic Security Service (DSS) Special Agent (SA) Matthew Maguire and Investigative Analyst (IA) Alex Cooper and HSI SA Susan Ruiz informed CHOUDHRY of the reason for his arrest. SA Maguire first asked CHOUDHRY if HE understood English, and CHOUDHRY replied that HE could speak and understand English. SA Maguire asked CHOUDHRY if HE could read and write in English, and CHOUDHRY stated that HE could. SA Maguire informed CHOUDHRY that, if needed, an interpreter could be contacted to assist CHOUDHRY as needed. SA Maguire also informed CHOUDHRY that HE should immediately ask for clarification should HE have any questions or not understand something, and CHOUDHRY acknowledged the option for a translator and the option for additional clarification as needed.

SA Maguire then informed CHOUDHRY of HIS constitutional rights, often referred to as Miranda Rights. SA Maguire informed CHOUDHRY verbally, and CHOUDHRY stated that HE understood.

SA Maguire then presented to CHOUDHRY, and had CHOUDHRY read aloud, line by line, an HSI "Statement of Rights" form. After each line, SA Maguire had CHOUDHRY summarize the right in HIS own words to insure CHOUDHRY understood. SA Maguire also had CHOUDHRY initial each line once HE had summarized each individual component of the constitutional rights.

SA Maguire read the rights waiver to CHOUDHRY, and asked CHOUDHRY if HE would be willing to participate in a voluntary, custodial interview. CHOUDHRY stated, "I can talk about the visa but not about Pakistan." SA Maguire re-iterated to

CHOUDHRY that, should HE wish to talk to agents, HE would have to read the rights waiver and voluntarily waive HIS rights. After some thought, CHOUDHRY invoked HIS right to counsel.

SA Maguire informed CHOUDHRY that HE would be fingerprinted and processed, transported to a holding facility, and brought to court the next morning for arraignment. SA Maguire informed CHOUDHRY that HE would have the opportunity to speak with a lawyer in the morning, prior to any court proceedings, and CHOUDHRY stated HE understood the process.

As SA Maguire prepared to escort CHOUDHRY back to the processing area/holding cell, CHOUDHRY spontaneously began speaking about the investigation. SA Maguire reminded CHOUDHRY that HE had asked to speak to a lawyer, and CHOUDHRY acknowledged that HE had asked for one. However, CHOUDHRY continued to speak, without questioning of any kind from the agents present.

CHOUDHRY explained that HIS daughter had married BABAR in Pakistan. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ According to CHOUDHRY, when AJMAL and BABAR first married, everything was "OK". However, as CHOUDHRY related it, there came a time when AJMAL met another male who "blackmailed my daughter" in an attempt to obtain a visa to the U.S. through AJMAL. (NOTE: Based on CHOUDHRY's statements, this person is Shujat ABBAS and will hereafter be referred to as ABBAS.)

CHOUDHRY claims that HE filed a complaint with the U.S. Embassy at the time, reporting that ABBAS was attempting to use HIS married daughter to obtain a visa to the U.S. CHOUDHRY claimed that ABBAS was a criminal, with a previous arrest in Dubai, possibly for selling cocaine or smuggling ammunition. CHOUDHRY stated HE heard this from people within the community, and portrayed ABBAS as a miscreant preying on AJMAL for his (ABBAS') own benefit. CHOUDHRY continued voluntarily relating more information, without questioning, stating that HE had heard from people that ABBAS had served time in a Dubai jail, and had escaped on a ship to Pakistan without paying bail. CHOUDHRY also claimed that ABBAS had not legally entered Pakistan, and implored agents to verify that ABBAS was illegally present in Pakistan. ▮▮▮▮▮

CHOUDHRY stated that HE knew, from his "friends", that ABBAS had "talked nice to my daughter", in the manner of a "boyfriend girlfriend" in order to win over AJMAL and convince AJMAL to help ABBAS obtain a U.S. visa.

CHOUDHRY recalled that at some point AJMAL called HIM and told HIM she was coming to America, and HE became upset because she is in America but has not come home, to HIS house.

CHOUDHRY claimed that HE had told AJMAL that HE has no control over events occurring in Pakistan. While not describing what events to which HE was referring, CHOUDHRY stated that ABBAS owed a lot of money to various people, and perhaps those to whom he was indebted arranged for the murder of ABBAS' relatives in Pakistan.

As CHOUDHRY continued on, HE stated that HIS daughter, AJMAL, had called HIM earlier in the day, while HE was sleeping. HE claims during that call that HE told AJMAL that HE did not know who killed people in Pakistan, despite a police report filed by ABBAS' relatives stating that HIS people, the CHOUDHRY's, were responsible for the murder of ABBAS' relatives.

CHOUDHRY changed gears, offering that "I filed that paper", referencing the U.S. visa petition for BABAR. He repeated, "I filed that paper. I want good life over here." CHOUDHRY claimed that, in HIS opinion, HE thought that if HE could just get BABAR to the U.S. and reunited with AJMAL, without ABBAS, that AJMAL would change her mind and live happily with BABAR, as AJMAL's other sisters were doing in the U.S. with their arranged spouses.

As CHOUDHRY continued talking, SA Maguire intervened and reminded CHOUDHRY that HE had requested not to be interviewed without the presence of a lawyer. SA Maguire cautioned CHOUDHRY that neither SA Maguire nor the other agents had asked any questions, nor would they. Despite this intervention, CHOUDHRY continued on.

CHOUDHRY stated, "I might have said if you don't come home I'll kill the boy", referencing HIS wish that AJMAL return to HIS house in Brooklyn. CHOUDHRY added that HIS brother, Mohammad Akmal CHOUDHRY, "might have been" at the scene of the shooting of ABBAS' relatives in Pakistan earlier that day.

At this point, HSI SA Ruiz intervened, reminded CHOUDHRY that HE was not required to say anything at this stage until his attorney was present, and reiterated that no agents had asked any questions up to this point. SA Ruiz offered that if CHOUDHRY wished to continue speaking with agents, HE consider signing the rights waiver. CHOUDHRY stated HE understood, repeated that HE was willing to talk about the visa but not about events in Pakistan.

After a brief pause, CHOUDHRY stated that HE wanted to speak with agents about the case once HE had a lawyer present.

Therefore, SA Maguire escorted CHOUDHRY back to the processing area so that CHOUDHRY's arrest processing could be completed.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

        - v -

MOHAMMAD AJMAL
CHOUDHRY,
        Defendant.
-----------------------------------------------------------X

<u>AFFIDAVIT OF
MOHAMMAD AJMAL CHOUDHRY</u>

13 Cr. 150 (WFK)

STATE OF NEW YORK   )
                                ) ss.:
COUNTY OF KINGS     )

      MOHAMMAD AJMAL CHOUDHRY, being duly sworn deposes and says:

    1.     I am the defendant in the above captioned criminal action.

    2.     On February 25, 2013, federal agents came to my home on Foster Avenue in Brooklyn, New York and proceeded to arrest me once I had stepped outside my residence. I was then placed into the back seat of an SUV-like vehicle. As we sat in the vehicle near my home, agents in the vehicle proceeded to ask me a number of questions about me and my family. Prior to questioning me while in the vehicle, agents did not tell me about any rights that I had regarding answering the questions being put to me. These questions continued as I was transported to the agents office in Manhattan.

    3. After some time back at the agents' office, the agents accused me of having illegally filed a visa application on behalf of my daughter Amina and also having certain people killed in Pakistan. The agents then showed me a form which explained what my constitutional rights were. When we went over the form, I told the agents that I wanted to speak to a lawyer before answering any more questions they had for me. However, agents continued to ask me questions over the period that followed about the visa application, my daughter's relationship with her husband Babar, her leaving Pakistan and coming to the United States, and the murder of relatives of Shujat Abbas.

    4.    I do not believe that I knowingly and voluntarily waived my constitutional rights under the Fifth Amendment to the United States Constitution.

_____
Mohammad Ajmal Choudhry

Sworn to before me this 5th day
of May, 2014

_____
Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,                :

   -v.-                                                           :         13 Cr. 150 (WFK)

MOHAMMAD AJMAL CHOUDHRY,     :

                   Defendant.                 :
-----------------------------------------------------X

## PRELIMINARY STATEMENT

Defendant Mohammad Ajmal Choudhry ("Choudhry") respectfully submits this memorandum of law in support of his motion pursuant to Federal Rule of Criminal Procedure 12(b)(3) seeking suppression of statements allegedly made by him to law enforcement authorities on February 25, 2013 during the course of a custodial interrogation on the ground that any such statements were obtained in violation of the Fifth Amendment to the United States Constitution, or, in the alternative, granting an evidentiary hearing in connection with this motion; and ordering such other and further relief as the Court deems just and proper.

The factual allegations made in support of this motion are contained in the accompanying Affidavit of Choudhry dated May 5, 2014, the Declaration of Frederick L. Sosinsky dated May 5, 2014 and the accompanying exhibits, discovery provided by the Government, defense counsel's independent investigation, court records, and conversations had with the defendant and witnesses.

POINT I

THE COURT SHOULD SUPPRESS POST-ARREST
STATEMENTS ALLEGEDLY MADE BY CHOUDHRY

On the evening of February 25, 2014, Choudhry was arrested outside his home at Foster Avenue, Brooklyn, New York by a team of federal agents with the Department of Homeland Security. He was then placed in the rear of an SUV-type police vehicle. Thereafter, both while he was inside of this vehicle used by agents to transport him to their office in Manhattan and later at the agent's office, Choudhry was questioned by agents, at which times he allegedly made statements that the Government may seek to use against him at trial. (See Exhibit B). 1

Choudhry contends that, as to the questions put to him while he was inside of the vehicle and his responses to these questions, these statements were made while he was under arrest and prior to the time when he was advised of his constitutional rights. Accordingly, because this interrogation was undertaken without informing Choudhry of his rights and without a knowing, intelligent and voluntary waiver of these constitutional rights, *Miranda v. Arizona*, 384 U.S. 436 (1966), Choudhry moves to suppress any evidence at trial regarding these statements. (See Attached Affidavit of Choudhry dated May 5, 2014).

As to statements which it is alleged Choudhry made at the Homeland Security offices, Choudhry contends that following the administration of the *Miranda* warnings, he had invoked his Fifth Amendment right to counsel and that notwithstanding this invocation of his constitutional right, agents continued to question him and to engage in "functionally equivalent" actions leading him to

---

1   The Report of Investigation provided by the Government does not refer to any statements which it is alleged the defendant made while inside of this vehicle. However, as defendant avers in his affidavit, he was questioned by agents while he sat in front of his home and during the ride from Brooklyn into Manhattan. We therefore include statements made at this time notwithstanding that the Government has not heretofore provided Rule 16 disclosure of such statements.

2

make additional statements to them. Choudhry challenges agents' claim that all of the statements referred to in a Report of Investigation (Exhibit B hereto) were spontaneously made by him and not in response to any follow up interactions by agents. *Rhode Island v. Innis*, 446 U.S. 291 (1980). The *Innis* court explained that "the term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* at 301. Accordingly, Choudhry moves to suppress introduction of these statements at trial.

Accordingly, the Court should either suppress the statements allegedly made by Choudhry on February 25, 2013 or order an evidentiary hearing outside the presence of the jury so that required factual findings can be made before the determination of this motion.

## CONCLUSION

For all of the reasons set forth above, the relief sought should be granted.

Dated: New York, New York
       May 5, 2014

                                              Respectfully submitted,

                                              FREDERICK L. SOSINSKY (FS8717)
                                              Attorney for Defendant
                                              Mohammad Ajmal Choudhry
                                              45 Broadway, Suite 3010
                                              New York, New York 10006
                                              (212) 285-2270

To:    Hon. William F. Kuntz II
         United States District Judge

United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

Amanda Hector, Esq.
Assistant United States Attorney
United States Attorneys' Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

4