EMN:AH/MEG/RMT
F.#2013R00312

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                13 CR 150 (S-2) (WFK)

     - against -

MOHAMMAD AJMAL CHOUDHRY,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

<u>GOVERNMENT'S REQUESTS TO CHARGE</u>

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

Amanda Hector
Richard M. Tucker
Margaret E. Gandy
Assistant U.S. Attorneys
(Of Counsel)

## PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government requests that the Court include the following instructions in its charge to the jury.   In addition, the government requests leave to offer additional instructions as they become necessary during the course of the trial.

REQUEST NO. 1

<u>GENERAL REQUESTS</u>

The government requests that the Court charge the jury in its usual manner on the following subjects:

1.    The Role of the Court and the Duties of the Jury;

2.    Equality of the Parties Before the Court;

3.    Jury Communications with Lawyers and the Court;

4.    Presumption of Innocence;

5.    Burden of Proof and Reasonable Doubt;

6.    Circumstantial Evidence and Direct Evidence;

7.    Function of the Indictment and What is Not Evidence;

8.    Permissible Inferences Drawn from the Evidence;

9.    Stipulations and Objections;

10.   Prior Inconsistent Statements;

11.   Testimony of Government Agents and Law Enforcement Witnesses;

12.   Credibility of Witnesses;

13.   No Inference to Be Drawn from Defendant's Failure to Testify (if applicable);

14.   Deliberations;

15.   Right to See Exhibits and Have Testimony Read During Deliberations;

16.   Verdict Must be Unanimous; and

17.   Questioning Wisdom of Law and Basing Verdict on Sympathy or Prejudice Prohibited.

2

REQUEST NO. 2

<u>INDICTMENT</u>

The defendant is formally charged in a superseding indictment, which I will simply call the Indictment.   As I instructed you at the outset of this case, an indictment is a charge or accusation.   The Indictment in this case contains three counts, on each of which you will be called upon to render a separate verdict.

REQUEST NO. 3

<u>KNOWLEDGE AND INTENT</u>

Because the Indictment charges three separate counts, and because all of the charges implicate the concepts of knowledge and intent, I will tell you up front about those concepts before addressing the charges specifically.

A person acts "knowingly" when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.   Whether a defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

A person acts "intentionally" when he acts deliberately and purposefully.   That is, a defendant's acts must have been the product of his conscious, objective decision. The defendant need not be aware of the specific law or rule that his conduct may have violated, but his acts must not have been the product of a mistake or accident.

<u>Authority</u>

Adapted from jury charge in <u>United States v. Mayes et al.</u>, 12 CR 385 (ARR) (E.D.N.Y. 2014).

4

REQUEST NO. 4

<u>COUNT ONE: CONSPIRACY TO COMMIT MURDER IN A FOREIGN COUNTRY</u>

Count One of the Indictment reads as follows:

In or about and between January 2013 and February 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere within the jurisdiction of the United States, the defendant MOHAMMAD AJMAL CHOUDHRY, together with others, while in the United States, did knowingly and intentionally conspire to commit one or more acts outside of the United States that would constitute the offense of murder if committed in the special maritime and territorial jurisdiction of the United States, and one or more of the conspirators did commit one or more acts within the jurisdiction of the United States to effect any object of the conspiracy.

In furtherance of the conspiracy and to effect its objects, the defendant MOHAMMAD AJMAL CHOUDHRY, together with others, knowingly committed and caused to be committed, among others, the following:

a.      On or about January 25, 2013, the defendant MOHAMMAD AJMAL CHOUDHRY, while in the United States, engaged in a telephone conversation with [Javed Iqbal].

b.      On or about January 25, 2013, the defendant MOHAMMAD AJMAL CHOUDHRY, while in the United States, engaged in telephone conversations with [Akmal Choudhry].

c.      On or about January 26, 2013, the defendant MOHAMMAD AJMAL CHOUDHRY, while in the United States, engaged in telephone conversations with [Akmal Choudhry].

d.      On or about February 5, 2013, the defendant MOHAMMAD AJMAL CHOUDHRY, while in the United States, transferred funds via Western Union to [Akmal Choudhry].

e.      On or about February 15, 2013, the defendant MOHAMMAD AJMAL CHOUDHRY, while in the United

States, engaged in a telephone conversation with [Amina Ajmal Choudhry].

f.      On or about February 20, 2013, the defendant MOHAMMAD AJMAL CHOUDHRY, while in the United States, engaged in telephone conversations with [Amina Ajmal Choudhry].

g.      On or about February 21, 2013, the defendant MOHAMMAD AJMAL CHOUDHRY, while in the United States, engaged in a telephone conversation with [Amina Ajmal Choudhry].

h.      On or about February 25, 2013, the defendant MOHAMMAD AJMAL CHOUDHRY, while in the United States, engaged in a telephone conversation with [Nisar Ahmed].

i.   On or about February 25, 2013, the defendant MOHAMMAD AJMAL CHOUDHRY, while in the United States, engaged in telephone conversations with [Mazhar Iqbal].

j.      On or about February 25, 2013, the defendant MOHAMMAD AJMAL CHOUDHRY, while in the United States, engaged in a telephone conversation with [Amina Ajmal Choudhry].

The statute relevant to Count One is Section 956(a)(1) of Title 18, United States Code, which reads in relevant part:

Whoever, within the jurisdiction of the United States, conspires with one or more other persons, regardless of where such other person or persons are located, to commit at any place outside the United States an act that would constitute the offense of murder . . . if committed in the special maritime and territorial jurisdiction of the United States shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy, be punished . . . .

REQUEST NO. 5

<u>ELEMENTS OF COUNT ONE</u>

In order for you to find the defendant guilty of conspiring to commit murder abroad as charged in Count One, the government must prove the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant and one or more persons entered into a conspiracy;

<u>Second</u>, that the defendant became a member of that conspiracy knowing and intending that the objective of the conspiracy was to murder someone outside the United States.

<u>Third</u>, that the defendant engaged in the conspiracy while he was in the jurisdiction of the United States.

<u>Fourth</u>, that at least one conspirator committed an overt act within the jurisdiction of the United States in furtherance of the conspiracy.

<u>First Element: Conspiracy</u>

The first element of Count One is that the defendant and one or more persons entered into a conspiracy.   Conspiracy is a criminal partnership, an agreement involving two or more people to violate a particular law.   A conspiracy to commit a crime is an offense that's distinct from the underlying crime that the conspirators agreed to commit.   Indeed, the crime that was the object of the conspiracy need not be committed for a person to be guilty of conspiring to commit that offense.

One person can't commit the crime of conspiracy alone.   Rather, the government must prove beyond a reasonable doubt that at least two persons joined together in a common criminal scheme.

Now, the government need not prove an express or formal or written agreement. It doesn't have to prove that the alleged conspirators got together and stated in words or writing what the scheme was, its object or purpose, or the means by which it would be accomplished.

It is sufficient if the proof establishes that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or a common design.   Here, I remind you that the unlawful act alleged in Count One is to commit murder in a foreign country.

Since a conspiracy by its very nature is characterized by secrecy, direct evidence may not be available.   You may therefore infer the existence of a conspiracy from the circumstances of the case and the conduct of the parties involved.

In a very real sense in the context of conspiracy cases, actions often speak louder than words.   You may, in determining whether an agreement existed here, consider the actions and statements of all those you find to be participants as proof that a common design existed to act together to accomplish the unlawful purpose stated in this charge.

Second Element: Defendant's Knowing and Intentional Membership in the Conspiracy

The second element the government has to prove beyond a reasonable doubt with regard to Count One is that the defendant became a member of the charged conspiracy with knowledge of its criminal goal and intending by his actions to help it succeed – namely, to commit murder in a foreign country.

I've already instructed you what it means to act knowingly and intentionally, but I want to stress that merely being present at a place where criminal conduct is underway

doesn't make a person a member of a conspiracy to commit a crime.   This is true even if the person knows that a crime is being committed.

Similarly, the fact that a person without knowledge that a crime is being committed merely happens to act in a way that furthers the purposes or objectives of the conspiracy, doesn't make that person a member of the conspiracy.   More is required under the law.

What is required is that a defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy, and with the intention of aiding in the accomplishment of its unlawful goal.   In sum, a defendant with an understanding of the unlawful character of the charged conspiracy must have intentionally engaged, advised or assisted in it for the purpose of furthering its illegal goal.

Now, the extent of a defendant's participation in a conspiracy has no bearing on the issue of guilt.   Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.   Some conspirators might play major roles.   Others may play minor roles.

A defendant need not have known the identities of each and every other member of the scheme.   He need not have been fully informed as to all the details or scope of the conspiracy.   He doesn't have to be a member of the conspiracy for the entire time of its existence.

The key inquiry is whether the defendant joined the conspiracy charged with an awareness of at least some of the basic aims and purposes of the unlawful agreement and with the intent to help it succeed.

Third Element: Defendant Engaged in Conspiracy while in Jurisdiction of the United States

The third element, simply stated, is that the defendant participated in the conspiracy while he was within the United States.   It is not necessary that the conspiracy was formed in the United States.   The only requirement is that the defendant was part of the conspiracy during some period of time while he was within the jurisdiction of the United States.   The location of those with whom the defendant conspired is irrelevant.

Fourth Element: Overt Acts

The fourth element of Count One is that the government has to prove beyond a reasonable doubt that a conspirator committed at least one overt act within the United States in furtherance of the object of the conspiracy.   Those are the overt acts a through j that I just read to you from the Indictment.

An overt act standing alone may itself be an innocent, lawful act, and it doesn't have to itself be the objective of the conspiracy.   But an apparently innocent act loses its harmless character if it is a step in carrying out a conspiracy.

So I instruct you that all the government is required to prove with regard to this fourth element is that the overt act was done in furtherance of the conspiracy, not that the act was in and of itself criminal.

In order for the government to satisfy the overt act requirement, it is not necessary for the government to prove all or even any of the particular overt acts alleged in the Indictment.   Nor must you find that the defendant himself committed an overt act.

It is sufficient for the government to show that the defendant, or one of his alleged co-conspirators, knowingly committed at least one overt act in furtherance of the

10

conspiracy within the United States, whether or not that particular overt act is listed in the

Indictment.

Authority

Adapted from jury charges in United States v. Kaziu, 09 CR 660
(JG) (E.D.N.Y. 2011); United States v. DeFreitas, et al., 07 CR
543 (DLI) (E.D.N.Y. 2010).

REQUEST NO. 6

<u>COUNT TWO</u>

Count Two of the Indictment reads as follows:

In or about December 2012, within the Eastern District of New
York and elsewhere, the defendant MOHAMMAD AJMAL
CHOUDHRY, together with others, did knowingly and
intentionally make under oath and subscribe as true under penalty
of perjury . . . one or more false statements with respect to a
material fact in an application, affidavit and other document
required by the immigration laws and regulations prescribed
thereunder, to wit: a United States Department of Homeland
Security I-130 Petition for Alien Relative, in that the Petition for
Alien Relative purported to be completed by [Amina Ajmal
Choudhry] . . ., when in fact, as the defendant then and there well
knew and believed, [Amina Ajmal Choudhry] had not completed
said Petition, and did knowingly and intentionally present said
application, affidavit and other document which contained such
false statement and which failed to contain any reasonable basis
in law and fact.

The statute relevant to Count Two is Section 1546(a) of Title 18, United States

Code, which reads in relevant part:

Whoever knowingly makes under oath, or as permitted under
penalty of perjury. . . knowingly subscribes as true, any false
statement with respect to a material fact in any application,
affidavit, or other document required by the immigration laws or
regulations prescribed thereunder, or knowingly presents any
such application, affidavit, or other document which contains any
such false statement or which fails to contain any reasonable
basis in law or fact [shall be punished].

12

REQUEST NO. 7

<u>ELEMENTS OF COUNT TWO</u>

In order for you to find the defendant guilty of making a false statement in a document required by the immigration laws as charged in Count Two, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant made a false statement as alleged in the Indictment;

<u>Second</u>, that the statement was made in a document required by the immigration laws or regulations;

<u>Third</u>, that the statement was made under oath;

<u>Fourth</u>, that the statement was false as to a material fact; and

<u>Fifth</u>, that the defendant knew the statement was false when made.

I will now discuss each of those elements in more detail.

The first element the government must prove beyond a reasonable doubt is that the defendant made a false statement as alleged in the Indictment.   A statement is "false" if it was untrue when made.   Here, the defendant is alleged to have completed, or to have aided and abetted others in completing, a document called an I-130 Petition for Alien Relative that falsely purported to have been completed and signed by Amina Ajmal Choudhry.

The second element the government must prove beyond a reasonable doubt is that the statement was made in a document required by the immigration laws or regulations.

The third element the government must prove beyond a reasonable doubt is that the statement was made under oath.   To satisfy this burden, the government must prove that the defendant, under penalty of perjury, subscribed as true written information submitted to the

13

U.S. Department of Homeland Security, or aided and abetted another person in doing the same.

The fourth element the government must prove beyond a reasonable doubt is that the false statement related to a material fact.   A fact is material if it could have affected or influenced the government's decisions or activities.   However, proof that the government actually relied on the statement is not required.

The fifth element the government must prove beyond a reasonable doubt is that the defendant knew the statement was false when made.   To act knowingly means to act intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.

<u>Authority</u>

Adapted from Sand, <u>Modern Fed. Jury Instr.</u>, § 47-02.

REQUEST NO. 8

AIDING AND ABETTING

Now, as I just mentioned, Count Two is also charged under what is called an aiding and abetting theory of law.   The federal aiding and abetting statute provides as follows:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or produces its commission, is punishable as a principal.

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof.   A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged.   Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place.   But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

15

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly and willfully associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed.

To establish that the defendant participated in the commission of the crime, the government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

Participation in a crime is willful if done voluntarily and intentionally, and with the specific intent to do something which the law forbids or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.   One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor.   An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

16

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.   If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

<u>Authority</u>

Adapted from Sand, <u>Modern Fed. Jury Instr.</u>, P 11.01.

REQUEST NO. 9

<u>COUNT THREE</u>

Count Three of the Indictment reads as follows:

On or about and between February 15, 2013 and February 25, 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MOHAMMAD AJMAL CHOUDHRY did knowingly and intentionally transmit in interstate commerce communications containing one or more threats to injure the person of another, to wit: communications threatening the lives of [Shujat Abbas] and his family.

The statute relevant to Count Three is Section 875(c) of Title 18, United States Code, which reads in relevant part:

Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be [punished].

18

REQUEST NO. 10

<u>ELEMENTS OF COUNT THREE</u>

In order for you to find the defendant guilty of transmitting threats to injure as charged in Count Three, the government must prove the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant threatened to injure Shujat Abbas and/or members of his family, as charged in the Indictment;

<u>Second</u>, that the threat was transmitted in interstate or foreign commerce; and

<u>Third</u>, that the defendant transmitted the threat knowingly and intentionally.

The first element the government must establish beyond a reasonable doubt is that the words communicated by the defendant were a threat, as I will define that term for you.

A threat is a serious statement expressing an intention to inflict bodily injury at once or in the future, as distinguished from idle or careless talk, exaggeration or something said in a joking manner.   It must be a true threat, that is, one that on its face and in the circumstances in which it is made is so unequivocal, unconditional, immediate and specific as to the person threatened, as to convey a gravity of purpose and imminent prospect of its being carried out.   A statement is a threat if it was made under such circumstances that a reasonable person who is familiar with the context of the threat would interpret it as a threat of injury.

To determine whether or not the defendant made a threat, you should consider the circumstances under which the statement was made, including its context with respect to surrounding conversation, the language the defendant used, and the reaction of those who heard or read the statement.

19

It is not necessary that the government prove that the defendant intended to carry out the threat or that he had the present ability to carry out the threat.   A threat may be conditional upon the defendant's ability to carry it out in the future.   The defendant's statement may be a threat even if it was never communicated, nor intended to be communicated, to the target of the threat.

The second element the government must prove beyond a reasonable doubt is that the threat was transmitted in interstate or foreign commerce.

To establish this element, the government must prove that the communication passed between two or more states as, for example, a telephone call between New York and New Jersey; or between the United States and a foreign country.   Here, the government alleges that the communications were made via telephone calls that passed between two or more states.   If the government establishes beyond a reasonable doubt that the communications passed between two or more states, that is sufficient to establish this element even if the defendant and the victim were in the same state at the time the communications were made.   The government is not required to prove that the defendant knew that the threat would be transmitted across state lines.

The third element the government must establish beyond a reasonable doubt is that the defendant transmitted the threat knowingly and intentionally.

To establish this element, the government must prove that the defendant knowingly and intentionally transmitted the threat to the recipient, and that this did not occur

by accident, mistake or negligence.   Again, the government is not required to prove that the

defendant intended to carry out the threat.

<u>Authority</u>

Adapted from Sand, <u>Modern Fed. Jury Instr.</u>, P 31-02; <u>see also</u>
<u>United States v. Veliz</u>, 2004 WL 964005, at *2 (2d Cir. May 5,
2004); <u>United States v. Sovie</u>, 122 F.3d 122, 125 (2d Cir. 1997);.

REQUEST NO. 11

<u>EXPERTS</u>

In this case, you have heard expert witness testimony. An expert is a witness allowed to express an opinion on matters about which he or she has special knowledge and training.   Expert testimony is presented to you on the theory that someone who is experienced in a particular field may assist you in understanding the evidence or in reaching an independent decision about the facts. In weighing expert testimony, you may consider the expert's qualifications, the opinion given, the witness's reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness. You may give expert testimony whatever weight, if any, you find it deserves in light of all the other evidence before you.   You should not, however, accept a witness's testimony merely because her or she is an expert in a field.   Nor should you substitute it for your own reason, judgment, and common sense.   The determination of the facts in this case rests solely with you.

<u>Authority</u>

Adapted from jury charge in <u>United States v. Mayes et al.</u>, 12 CR 385 (ARR) (E.D.N.Y. 2014).

22

REQUEST NO. 12

<u>DATES APPROXIMATE</u>

In alleging dates, the Indictment frequently charges "in or about," "on or about," or "between" certain dates.   The proof need not establish with certainty the exact date of an alleged offense.   It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged.

<u>Authority</u>

Sand, <u>Modern Fed. Jury Instr.</u>, Inst. 3-12; <u>United States v. Brown</u>, 79 F.2d 321 (2d Cir. 1955).

23

REQUEST NO. 13

INTERVIEWS OF WITNESSES

During the course of trial, you heard testimony that the attorneys for the government interviewed witnesses when preparing for trial. You must not draw any unfavorable inference from that fact. Attorneys have an obligation to prepare their case as thoroughly as possible and, in the discharge of that responsibility, to interview witnesses.

Authority

Adapted from jury charge in United States v. Mayes et al., 12 CR 385 (ARR) (E.D.N.Y. 2014).

REQUEST NO. 14

<u>DISCREPANCIES IN TESTIMONY</u>

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

Evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things, and even a truthful witness may be nervous and contradict himself or herself.   It is also a fact that two people witnessing an event will see or hear it differently.   Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance.   A willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony.   You should, as always, use common sense and your own good judgment.

<u>Authority</u>

<u>Quock Ting v. United States</u>, 140 U.S. 417 (1891).

25

REQUEST NO. 15

<u>INTEREST IN OUTCOME</u>

In evaluating the credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests.   Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.   It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

<u>Authority</u>

Adapted from Sand, <u>Modern Fed. Jury Instr.</u>, Instr. 7-3.

REQUEST NO. 16

ALL AVAILABLE WITNESSES AND EVIDENCE NEED NOT BE PRODUCED

Although the government bears the burden of proof, and although a reasonable doubt can arise from lack of evidence, I instruct you that the law does not require the government to call as witnesses all persons who may appear to have some knowledge of the matters at issue at this trial.   Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.   The law further does not require that any particular investigative techniques be used by law enforcement authorities to uncover or prosecute crime. Law enforcement techniques are not your concern.   Your concern is to determine whether or not, based upon all the evidence presented in the case, the government has proven that the defendant is guilty beyond a reasonable doubt.

Authority

Adapted from jury charge in United States v. Mayes et al., 12 CR
385 (ARR) (E.D.N.Y. 2014).

REQUEST NO. 17

<u>UNCALLED WITNESSES EQUALLY AVAILABLE</u>
(If Applicable)

Although the burden of proof rests exclusively with the government, each party had an equal opportunity or lack of opportunity to call as witnesses any of the individuals who were mentioned during the trial.   You should, however, remember that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

<u>Authority</u>

Adapted from jury charge in <u>United States v. Curanovic</u>, 08 CR 240 (BMC) (E.D.N.Y. 2010).

REQUEST NO. 18

<u>OTHER PERSONS NOT ON TRIAL</u>

You have heard evidence about the involvement of certain other people in the offenses referred to in the Indictment.   You may not draw any inference, favorable or unfavorable, towards the government or the defendant from the fact that certain persons are not on trial before you.   That these individuals are not on trial before you is not your concern. You also should not speculate as to the reason these people are not on trial before you, nor should you allow their absence as parties to influence in any way your deliberations in this case.   You should not draw any inference from the fact that any other person is not present at this trial.   Your concern is solely the defendant on trial before you.

<u>Authority</u>

Adapted from jury charge in <u>United States v. Curanovic</u>, 08 CR 240 (BMC) (E.D.N.Y. 2010).

REQUEST NO. 19

<u>PUNISHMENT</u>

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.   The duty of imposing a sentence rests exclusively upon the Court.   Your function is to weigh the evidence in the case, and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence.   Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, to enter into your deliberations.

<u>Authority</u>

Adapted from Sand, <u>Modern Fed. Jury Instr.,</u> Instr. 9-1.

30

<u>CONCLUSION</u>

The United States respectfully requests that the Court include the foregoing

charges in its instructions to the jury.

Dated: Brooklyn, New York
      June 9, 2014

                           Respectfully submitted,

                           LORETTA E. LYNCH
                           UNITED STATES ATTORNEY
                           Eastern District of New York
                           271 Cadman Plaza East
                           Brooklyn, New York 11201

Amanda Hector
Richard M. Tucker
Margaret E. Gandy
Assistant United States Attorneys
(Of Counsel)