LAW OFFICES OF
# FREDERICK L. SOSINSKY
45 BROADWAY, SUITE 3010
NEW YORK, NEW YORK 10006

TELEPHONE (212) 285-2270
TELECOPIER (212) 248-0999
EMAIL: FredS@newyork-criminaldefense.com

June 23, 2014

BY ECF
Hon. William F. Kuntz II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Mohammad Ajmal Choudhry
           Crim. Docket No. 13-150 (S-2)(WFK)

Dear Judge Kuntz:

    Defendant Mohammad Ajmal Choudhry respectfully submits this letter in opposition to the motion *in limine* of the Government filed yesterday afternoon seeking to preclude the defense from offering certain statements defendant allegedly made to agents following his arrest. The statements that are the subject of the Government's application were made during and as part of the same ten minute statement from which the Government plans to elicit other admissions. Because the statements sought to be precluded relate to and place in context the portions of the statements which the Government will offer, despite any hearsay objection, they should be admitted pursuant to the doctrine of completeness found in Fed. Rule of Evid. 106.

    Rule 106 provides that "when a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Under the rule, a court should permit admission of additional portions of statements that are "necessary to explain the admitted portion, to place it in context, ... to avoid misleading the trier of fact, or to ensure a fair and impartial understanding of the admitted portion." *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) (internal quotation marks and citations omitted).

    Here, to begin with, the Government seeks to offer defendant's statement that he could "talk about the visa but not Pakistan." However, they move to prevent the jury from hearing defendant's statements to agents concerning his daughter's marriage to Babar; that at first things were "OK" with the marriage; that thereafter his daughter met another man (Shujat Abbas) who "blackmailed" her in an effort to obtain *a visa* to the US; that he filed a complaint with the U.S. Embassy informing them of this concern belief that Abbas was using his daughter to get *a visa* and other allegations which the defendant believed concerning Shujat Abbas. He also stated to agents that Abbas had "talked nice" to his daughter in the manner of a "boyfriend girlfriend" to

win her over and help him obtain *a visa.* Clearly, the statements referred to above relate to the issue of "talking about the visa" -- a subject which the Government seeks to introduce. Indeed, another portion of defendant's statement which the Government seeks to admit explaining how defendant filed the visa application, wanted a" good life" here in the U.S., hoped that once Babar came to the U.S. and was reunited with his daughter, *without Shujat Abbas*, she would change her mind and agree to live happily with Babar, makes little sense without the context provided by defendant's earlier references to Abbas and his perceived efforts to trick defendant's daughter into obtaining his *own visa*. Thus, the statements the Government seeks to preclude explain, qualify and ensure a fair understanding of the statements offered and should be admitted under Rule 106.

The same is true for statements defendant allegedly made to agents explaining that in a phone call from his daughter, he told her that he had no control over events in Pakistan; that Abbas' indebtedness to others may have been the reason for the shooting of his relatives; and that he did not know who killed Abbas' relatives in Pakistan although other relatives of Abbas had filed a police report stating that defendant's "people" were responsible. Inasmuch as the Government seeks to offer a portion of defendant's statements referring to what he told his daughter in the very same phone call with her earlier that day, including an admission that he might have in that call told her that if she didn't return home he would "kill the boy", referring to Abbas, the statements sought to be excluded provide context for the latter statement and would ensure a fair understanding of what was said. Without the jury hearing such statements, they would unfairly be left with the impression that defendant chose only to detail to agents his acknowledgment of this purported threat without his contemporaneous denial of guilt to his daughter regarding past violence.

For the foregoing reasons, the Government's motion to preclude should be denied.

Respectfully submitted.

Frederick L. Sosinsky

FLS: bms
cc: Amanda Hector, Esq. (by ECF)
    Margaret Gandy, Esq. (by ECF)
    Richard Tucker, Esq (by ECF)