

U.S. Department of Justice

United States Attorney
Eastern District of New York

RMT
F.#2013R00312

271 Cadman Plaza East
Brooklyn, New York 11201

June 29, 2014

By Hand and ECF

The Honorable William F. Kuntz II
United States District Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York  11201

        Re:    United States v. Mohammad Ajmal Choudhry
                  Criminal Docket No. 13-150 (WFK)

Dear Judge Kuntz:

        The government respectfully submits this letter memorandum in support of its motion in limine to admit into evidence at trial certain prior, sworn grand jury testimony for Nasreen Ajmal Choudhry pursuant to Federal Rule of Evidence 801(d)(1)(A), in the event that Ms. Choudhry testifies at trial in a manner that is inconsistent with that prior, sworn grand jury testimony.

I.       Factual Background

        During its investigation in this case, the government identified several witnesses with information about the defendant's criminal activities and subpoenaed those witnesses to appear and testify before the grand jury.  Among those witnesses was Nasreen Ajmal Choudhry, one of the defendant's daughters.

        The government anticipates calling Ms. Choudhry as a trial witness on Monday.  While the government believes that Ms. Choudhry will testify truthfully, in the event she attempts to recant her prior testimony or otherwise alter her testimony to exonerate the defendant or mitigate his culpability, the government respectfully requests an advanced ruling concerning the admissibility of Ms. Choudhry's prior grand jury testimony and the means by which the Court wishes the government to proceed in admitting those prior sworn statements.

II. **Discussion**

Under Federal Rule of Evidence 801(d)(1)(A), a declarant witness's prior statement is not hearsay where "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition." It is well-established law in this Circuit that prior inconsistent testimony of a witness before a grand jury is admissible as substantive evidence at trial if the same witness testifies at the trial. See, e.g., United States v. Bliss, 188 Fed Appx. 13, 16 (2d Cir. 2006); United States v. Marchand, 564 F.2d 983, 997-99 (2d Cir. 1977); United States v. Rivera, 513 F.2d 519, 526-28 (2d Cir. 1975).

Accordingly, in the event that Ms. Choudhry attempts to recant her prior testimony, the government proposes first to ask the witness whether she previously testified before the grand jury and whether her statements were under oath. The government will then attempt to impeach Ms. Choudhry using the traditional method of asking the witness whether she previously was asked a particular question and gave a particular answer. In the event that Ms. Choudhry persists in her efforts to recant on her prior testimony or otherwise testifies inconsistently,[1] following the witness's testimony at trial, the government will seek to move into evidence as a trial exhibit any excerpts from the grand jury transcript that were read into the trial record. Introducing the transcript into evidence as an exhibit will allow the parties to more easily refer to it during summations, and will limit jury confusion regarding the distinction between the witness's grand jury testimony and trial testimony.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:    /s/
Richard M. Tucker
Assistant U.S. Attorney
(718) 254-6204

cc: Clerk of Court (WFK) (by ECF)
Defense counsel (by ECF)

---

[1] The Court should reject any argument by the defense that Rule 801(d)(1)(A) applies only when a witness's trial testimony is diametrically opposed to the witness's prior grand jury testimony because for the purposes of Rule 801(d)(1)(A), "inconsistency . . . may be found in evasive answers, inability to recall, silence, or changes of position." United States v. Dennis, 625 F.2d 782, 795 (8th Cir. 1980); see also United States v. DiCaro, 772 F.2d 1314, 1321-25 (7th Cir. 1985) (claim of lack of recollection or "professed amnesia"); United States v. Hemmer, 729 F.2d 10, 16-17 (1st Cir. 1984) (memory lapses).