**MANDATE**

15-1737-cr
*United States v. Choudhry*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand sixteen.

PRESENT:   JON O. NEWMAN,
           JOSÉ A. CABRANES,
           RAYMOND J. LOHIER, JR.,
                       *Circuit Judges*.

---

UNITED STATES OF AMERICA,

      *Appellee,*          No. 15-1737-cr

      v.

MOHAMMAD AJMAL CHOUDHRY,

      *Defendant-Appellant.*

---

FOR UNITED STATES OF AMERICA:   Margaret E. Gandy, Susan Corkery, Richard M. Tucker, Amanda Hector, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:   Ying Stafford, New York, New York.

MANDATE ISSUED ON 06/13/2016

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 14, 2015, judgment of the District Court is **AFFIRMED**.

Defendant-appellant Mohammad Ajmal Choudhry ("Choudhry") appeals from a judgment of the District Court entered on May 14, 2015, following a jury trial, convicting him of conspiracy to commit murder in a foreign country, in violation of 18 U.S.C. §§ 956(a)(1) and 956(a)(2)(A); fraud and misuse of a petition for an alien relative, in violation of 18 U.S.C. § 1546(a); and transmission of threats to injure, in violation of 18 U.S.C. § 875(c). Choudhry was sentenced principally to life imprisonment on the first count, time served on the second count, and 24 months' imprisonment on the third count, all to run concurrently.

On appeal, Choudhry argues that (1) he was denied a fair trial because the District Court interfered with his defense by displaying bias and because certain exculpatory evidence was not introduced; (2) the District Court erroneously overruled his objections to inadmissible hearsay; (3) the District Court's jury instruction regarding the charge for transmission of a threat to injure was erroneous in light of the Supreme Court's decision in *Elonis v. United States*, 135 S. Ct. 2001 (2015); (4) the evidence introduced at trial was insufficient as a matter of law to support his convictions; and (5) the District Court erred by giving an uncalled-witness charge to the jury. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**A.**

First, Choudhry contends that he was denied a fair trial because the District Court interfered with his defense by showing disdain for defense witnesses and denying his request to recross-examine two of the government's witnesses; and because certain exculpatory evidence was not introduced. We reject both of these arguments as meritless.

Based on a review of the record, we conclude that the District Court's occasional questioning of defense witnesses was appropriate. The Court's questions were intended to clarify certain testimony, which was especially helpful here, where an interpreter translated questions and answers for several witnesses. *See, e.g.*, *United States v. Pisani*, 773 F.2d 397, 403 (2d Cir. 1985) (explaining that a trial judge "has an active responsibility to insure that issues are clearly presented to the jury," and "[t]hus, the questioning of witnesses by a trial judge, if for a proper purpose such as clarifying ambiguities, correcting misstatements, or obtaining information needed to make rulings, is well within that responsibility"). Moreover, the District Court mitigated potential prejudice by instructing the jury to "draw no inference from the fact that upon occasion [the Court] asked questions of certain witnesses," and by explaining that the "questions were intended solely for

clarification or to expedite matters and certainly not intended to suggest any opinion on [the Court's] part as to a verdict that [the jury] should render, or whether any of the witnesses may have been more credible than any other witnesses." Gov't App. 52. Based on the foregoing, we cannot say that the District Court's questions "so impressed the jury with the trial judge's partiality to the prosecution that this became a factor in determining the defendant's guilt." *Pisani*, 773 F.2d at 402.

We also conclude that the District Court did not abuse its discretion by denying Choudhry's requests to recross-examine two government witnesses, Seemab Asghar and Rukhsana Kousar. "We review the trial court's restriction of cross-examination for an abuse of discretion," *United States v. Vasquez*, 82 F.3d 574, 576 (2d Cir. 1996), recognizing that "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant," *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *see also* Fed. R. Evid. 611(a). The District Court acted within its discretion when it denied Choudhry's request to recross-examine Seemab Asghar because, as the District Court pointed out, the witness had already answered on direct examination the single question Choudhry sought to ask, and Choudhry could have asked any related questions during the extensive cross-examination that followed, but did not. The District Court also acted within its discretion when it denied Choudhry's request to re-call and recross-examine Rukhsana Kousar for impeachment purposes—after Choudhry had already extensively cross-examined Kousar—regarding an unauthenticated police report from Pakistan, especially given the District Court's concerns about witness harassment and the Court's decision to admit the report into evidence.

Finally, Choudhry complains of various items of evidence "[n]ot [a]dmitted [a]t [t]rial." Br. for Appellant 15. In fact, one of the items, the testimony of Nazia Khanum, was admitted into evidence by stipulation and referred to in defense counsel's summation. Defense counsel did not offer the other items admitted into evidence. Whether to offer evidence and call particular witnesses "is peculiarly a question of trial strategy which courts will practically never second-guess." *United States ex rel. Walker v. Henderson*, 492 F.2d 1311, 1314 (2d Cir. 1974) (internal citation omitted).

**B.**

Second, Choudhry contends that the District Court erroneously overruled certain of his objections to hearsay testimony. We review the District Court's evidentiary rulings for abuse of discretion. *See, e.g.*, *Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 124 (2d Cir. 2016).

We conclude that each of the four instances of purported hearsay identified by Choudhry involved admissible testimony. The first instance, when Seemab Asghar testified that Javed Iqbal stated, "If the girl is with you, bring her back," App. 344, involved a command that did not constitute hearsay, *see United States v. Bellomo*, 176 F.3d 580, 586 (2d Cir. 1999) (explaining that "[s]tatements offered as evidence of commands or threats or rules directed to the witness, rather

3

than for the truth of the matter asserted therein, are not hearsay"). The second instance, when Seemab Asghar testified that her father, who "was out of breath, like . . . someone [who] has just [done] a workout," had stated that "Akmal and his group did attack on our car," App. 355, involved hearsay but met the excited-utterance exception to the rule against hearsay, *see* Fed. R. Evid. 803(2). The third instance, when Seemab Asghar testified about a threat her family received over the phone from a person whom Kousar later identified as Choudhry, involved an opposing party's statement that consequently was not hearsay. *See* Fed. R. Evid. 801(d)(2)(A). Finally, the fourth instance, when Kousar testified that Afzal stated, "[i]f our daughter comes back, we will be back to normal," App. 993–94, involved a threat that was not introduced to prove the truth of the matter asserted—that relations between families would normalize upon Amina's return—and therefore was not hearsay, *see* Fed. R. Evid. 801(c)(2); *Bellomo*, 176 F.3d at 586. Accordingly, the District Court did not abuse its discretion by admitting the foregoing testimony.

## C.

Third, Choudhry contends that the District Court's jury instruction regarding the charge for transmission of a threat to injure in violation of 18 U.S.C. § 875(c) was erroneous in light of the Supreme Court's decision in *Elonis v. United States*, 135 S. Ct. 2001 (2015) and constitutes reversible error.

Because Choudhry did not object in the District Court, plain error review applies. To establish plain error, the appellant must demonstrate that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Wagner-Dano*, 679 F.3d 83, 94 (2d Cir. 2012) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

As the government concedes, the portion of the District Court's instruction in which it explained that "[a] statement is a threat if it was made under such circumstances that a reasonable person hearing or reading the statement [who] was familiar with the context of the threat would interpret it as a threat of injury," Gov't App. 91, was rendered erroneous by *Elonis*. Indeed, the Supreme Court in *Elonis* held that a conviction under 18 U.S.C. § 875(c) requires more than proof "that a reasonable person would regard [the] communications as threats." *Elonis*, 135 S. Ct. at 2012. "[T]he mental state requirement in Section 875(c) is satisfied," the Court held, "if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." *Id.*

Notwithstanding the erroneous jury instruction, we conclude that Choudhry has not established plain error. When the error in a jury instruction is an omitted element, we conduct a harmless error analysis to determine whether the error affected the appellant's substantial rights.

4

*United States v. Gomez*, 580 F.3d 94, 103 (2d Cir. 2009). If it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty had it been properly instructed, we will hold that the error was harmless. *See id.*; *see also Neder v. United States*, 527 U.S. 1, 18–20 (1999). Moreover, "[i]f the evidence bearing on the omitted element is overwhelming and essentially uncontroverted, there is no basis for concluding that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Nouri*, 711 F.3d 129, 140 (2d Cir. 2013) (internal quotation marks omitted). Based on the record before us, we have no doubt that a rational jury, properly instructed, would have found that Choudhry had subjective intent to issue a threat or knowledge that his communication would be viewed as a threat. For instance, the evidence included, *inter alia*, recorded conversations in which Choudhry stated to his daughter Amina, "Until I find you nothing is going to stop. I'm going to kill their whole family. . . . I will keep shooting at them, until you come back home . . . I will kill myself and also make sure I kill all of them." S. App. 23–24. Choudhry further stated, "If you don't come back, I will kill each and every one of them. I will go to jail," and explained, "we had to threaten them . . . in order to have them bring you back to us." S. App. 46, 60. Accordingly, the erroneous instruction does not constitute plain error.[1]

## CONCLUSION

We have considered all of the defendant-appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the May 14, 2015, judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



---

[1] We need not decide whether, due to the supervening change in law following Choudhry's conviction, modified plain error review applies, under which the government, rather than the defendant, bears the burden of demonstrating whether the error was harmless, *see generally United States v. Botti*, 711 F.3d 299, 308–09 (2d Cir. 2013); *Nouri*, 711 F.3d at 138 n.2, because we would sustain the conviction under either standard.